James Mack Noble, IV, US Attorney's Office, Tyler, TX, for Plaintiff–Appellee.

James Brett Smith, Smith & Smith, Sherman, TX, for Defendant–Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Tracy Kenyon Sexton appeals the 105–month sentence imposed following his plea of guilty to a charge of felon in possession of a firearm. Sexton challenges an increase to his offense level pursuant to U.S.S.G. § 2K2.1(b)(5). He argues that mere possession of the firearm during another felony offense does not justify the increase. He contends that the Government did not prove that the firearm was used in connection with the commission of the unauthorized use of a motor vehicle ("UUMV") offense, in furtherance of the UUMV offense, or in obtaining the vehicle.

The determination of the connection between a firearm and another offense is a factual finding. *United States v. Mitchell,* 166 F.3d 748, 754 n. 24 (5th Cir.1999). We review factual findings for clear error. *United States v. Armstead,* 114 F.3d 504, 507 (5th Cir.1997).

Section § 2K2.1(b)(5), U.S.S.G., authorizes a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." A "close relationship between the firearm and the other felony offense" need not be shown; the showing required is only that the "firearms were possessed and could have been used to facilitate" the other felony offense. *Armstead,* 114 F.3d at 511, 512.

The presentence report provided that while he was involved in the UUMV offense, a police officer saw Sexton pick up a black revolver. The district court did not clearly err in applying the U.S.S.G. § 2K2.1(b)(5) increase to Sexton's offense level because the firearm was "readily available" to Sexton and "could have been used to facilitate" his UUMV offense. *See Armstead,* 114 F.3d at 512. The district court properly relied on the information in the presentence report, which Sexton did not rebut sufficiently. *See Mitchell,* 166 F.3d at 754. Accordingly, the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carmelo Maldonado MARTINEZ,**
**Defendant–Appellant.**

No. 03–40137.
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

Paula Camille Offenhauser, Assistant US Attorney, James Lee Turner, Assistant

---

US, Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Cesar A. Amador, Houston, TX, for Defendant–Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Carmelo Maldonado Martinez appeals the sentence imposed following his guilty plea conviction of being found in the United States after deportation/removal in violation of 8 U.S.C. § 1326. Martinez contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) are unconstitutional. He argues that the prior conviction that resulted in his increased sentence is an element of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Martinez maintains that he pleaded guilty to an indictment which charged only simple reentry under 8 U.S.C. § 1326(a). He argues that his sentence exceeds the maximum term of imprisonment and supervised release which may be imposed for that offense.

In *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. *Id.* at 239–47. Martinez acknowledges that his arguments are foreclosed by *Almendarez–Torres*, but asserts that the decision has been cast into doubt by *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

He seeks to preserve his arguments for further review.

*Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.